[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Application for Review of Sentence imposed by the Superior Court, Judicial District of Hartford-New Britain at West Hartford.
Date of Sentence: March 16, 1999 Date of Application: April 6, 1999 Date Application Filed: April 8, 1999 Date of Decision: April 25, 2000
William O'Connor, Esg. Counsel for Petitioner.
 Ann MaLoney, Esg. Counsel for State Assistant State's Attorney.
 Sentence: AFFIRMED.
 BY THE DIVISION:
The petitioner entered a plea of guilty to Sale of Narcotics pursuant to C.G.S. § 21a-277 (a). The trial court imposed a sentence of seven years incarceration, execution suspended after serving four years CT Page 5085-it incarceration, to be followed by three years probation. The petitioner seeks reduction of this sentence.
Counsel for petitioner indicated that the judge was of the mistaken belief that the defendant was on probation at the time of the offense for which the defendant was being sentenced; that the petitioner was a solid citizen until the age of forty. Within three years the defendant incurred five narcotics related arrests; and that the defendant was the one most harmed by his actions. In his request for reduction of sentence, counsel for the petitioner further stressed the severity of the petitioner's substance addiction and that the quantity of the narcotics the defendant possessed at the time of the offense was small and not intended for financial gain.
The petitioner addressed the panel and related that he had a strong work history and that he began to have marital problems in 1995 after seventeen years of marriage. As a result of these problems he lost everything and was relegated to the streets.
Counsel for the state agreed that the defendant's prior probation had been terminated prior to the time of the instant offense. Counsel stressed that the instant case against the petitioner-was a strong one, that the petitioner had two (sic) prior narcotics related convictions and he opined under the circumstances the sentence imposed was fair.
The trial court had before it an individual who was convicted of Unemployment Fraud in 1986 and received a suspended sentence and a period of probation; was convicted of Sale of Narcotics on January 30, 1996, and again was sentenced to a completely suspended sentence and a period of probation; the petitioner was subsequently convicted on two separate occasions of Possession of Narcotics for which he received, on each, a monetary fine.
At sentencing the petitioner claimed that he really needed help for his addiction and that incarceration would not provide him with the assistance he needed. The records available to the trial court revealed that the petitioner failed to comply with the requirements of a drug treatment program.
The trial court had before it an individual who was convicted of fraud and four narcotics related felonies and who had previously had the benefit of probation.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence CT Page 5085-iu Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statues § 51-194 et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
 ___________________, J. MIANO
 ___________________, J. KLACZAK
 ___________________, J. NORKO
Miano, J., Klaczak, J. and Norko, J. participated in this decision.